FRED D. BROWN, Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

Third Department, May 5, 1920.

Railroads — master and servant — action by engineer under Federal Employers' Liability Act to recover for injuries caused by defective flooring in cab of engine — Federal Boiler Inspection Act not applicable — contributory negligence and assumption of risk defense to action.

Contributory negligence and assumption of risk are available as defenses to an action by a railroad engineer under the Federal Employers' Liability Act to recover for injuries caused by an alleged defect in the flooring of the cab of his engine, for the failure to keep the floor of the cab in proper condition was not a violation of the Federal Boiler Inspection Act of 1911, and, therefore, sections 3 and 4 of the Federal Employers' Liability Act, which render unavailable the defenses of contributory negligence and assumption of risk " in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee," do not apply.

KILEY, J., dissents, with memorandum.

APPEAL by the defendant, Lehigh Valley Railroad Company, from an order of the Supreme Court, made at the Cortland Trial Term and entered in the office of the clerk of the county of Cortland on the 8th day of August, 1919, granting plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

The opinion of the Trial Term is reported in *Brown* v. *Lehigh Valley Railroad Co.* (108 Misc. Rep. 384).

*Cobb, Cobb, McAllister, Feinberg & Heath* [*Riley H. Heath* of counsel], for the appellant.

*Thomas E. Courtney,* for the respondent.

COCHRANE, J.:

This action is under the Federal Employers' Liability Act (35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143). The trial justice set aside the verdict in favor of the defendant for the reason that the questions of contributory negligence and assumption of the risk should have been withheld from the jury. Plaintiff was a locomotive engineer. While operating an engine and standing on the floor of the cab his foot slipped and he was thrown to the floor receiving injuries for which he brings this action. He claims there was a depression in the floor about two feet in circumference and one and one-half inches deep. The existence of this depression is the ground of the alleged negligence of the defendant. Plaintiff had used the cab several times before the day of the accident and had not reported this depression. He testified it was his duty to report defects in the engine which came under his observation. He says he had not noticed the depression in the cab floor until the day of the accident and shortly before its occurrence. The testimony of other witnesses tended to show there was no depression. If the jury found it existed they were also at liberty to find that the plaintiff knew of its existence before the day of the accident. If he had such knowledge the jury were permitted under the charge of the court to find that he assumed the risk. The question of his contributory negligence was also submitted to the jury.

Sections 3 and 4 of the Federal Employers' Liability Act (35 U. S. Stat. at Large, 66) render unavailable the defenses of contributory negligence and assumption of risk " in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." The statute which prompted the court to apply the above-quoted provisions of sections 3 and

4 to this case and to set aside the verdict is the so-called Federal Boiler Inspection Act of 1911 (36 U. S. Stat. at Large, 913, chap. 103) which made it unlawful for a common carrier to use a locomotive engine in interstate or foreign traffic " unless the boiler of said locomotive and appurtenances thereof are in proper condition and safe to operate," and required inspection of the boilers from time to time. The accident happened January 12, 1915, and the case, therefore, is unaffected by the amendment to the last-mentioned statute which became effective later in that year (38 U. S. Stat. at Large, 1192, chap. 169). We think the act of 1911 has no application to this case. It relates not to the locomotive but to " the boiler of said locomotive." Clearly not every portion of the locomotive is within the statute. A cab is no part of the boiler and to hold that the floor of the cab is *appurtenant* to the boiler is not only to stretch the meaning of that word beyond its proper significance as applied to the boiler of a locomotive but also to inject into the statute a meaning not intended. We think Congress did not have in mind a cab as appurtenant to a boiler of a locomotive. The intention was to guard against accidents peculiar to boilers. The jury were properly instructed and their verdict in favor of the defendant should stand.

The order should be reversed and the motion denied, with costs.

All concur, except KILEY, J., dissenting with a memorandum.

KILEY J. (dissenting):

Defendant had a verdict upon the trial of this action. The trial judge, on motion for a new trial, set aside the verdict and granted a new trial upon exceptions taken to his charge for errors made therein when he submitted the case to the jury. There were errors in the charge, and I think he properly set the verdict aside. The evidence of the negligence charged against the defendant is slight; but it is more than a " scintilla " of evidence, and was a question of fact for the jury. If the verdict had been for the plaintiff, it might have been set aside as against the weight of evidence; but that is not the question here. If the issue presented a question of fact for the jury, it should have been properly submitted to them, no matter what

disposition the jury or judge, or an appellate court, subsequently did with the verdict rendered.   Section 1 of the Federal Employers' Liability Act (35 U. S. Stat. at Large, 65, chap. 149, § 1), which is also contained in section 8657 of the United States Compiled Statutes, 1916, is as follows: " Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."    It will be observed that this section provides for safe place to work, and for defendant's negligence, by reason of failure to comply with the statute.    As to the effect of the contributory negligence of the plaintiff in such an action, section 3 of the Federal Employers' Liability Act (35 U. S. Stat. at Large, 66, chap. 149, § 3), which is also contained in section 8659 of the United States Compiled Statutes, 1916, is as follows: " In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this Act to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: Provided, That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation of such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

The statute does not bar a recovery because of contributory negligence in the first instance, but lays down the rule which has come to be known as " Comparative negligence;" and after the word " provided " in the above section the plaintiff is not to be held for contributory negligence if the negligence of the defendant consists in the violation of a statute enacted for the safety of the employee. The judge in his charge to the jury said that the contributory negligence was a defense to this action. The statute quoted above and hereafter quoted or cited, was the law before this accident occurred. The charge constituting the error found here is as follows: " If the defendant and its employees were not negligent, or if that negligence, whatever it was, did not cause this injury, if this injury was caused by some other cause not the negligence of the defendant or its employees, no matter what the cause was, *if it was caused solely by the negligence of the plaintiff himself,* if it was a mere unavoidable accident, if it was one of those accidents that occur without negligence on the part of anybody, or whatever negligence there may have been was not the cause of this injury, then the defendant is entitled to your verdict."

It will be seen that the court here charged that the negligence of the plaintiff might defeat him and prevent a recovery. In another part of the charge the court submitted to the jury the question of comparative negligence, and as far as that charge goes, it was practically correct, but it did not go far enough; the impression the jury must have received, and which seems to me would be unavoidable, is that the contributory negligence of the plaintiff might be sufficient to excuse any negligence on the part of the defendant; in other words, that it might be considered by them decisive of the action in favor of the defendant. That is not the law. No matter how great the contributory negligence of the plaintiff may be, it still remains contributory; the negligence of the defendant once shown entitles the plaintiff to some verdict no matter what the extent of his contributory negligence. The charge thus made on comparative negligence would not have the effect of removing the impression thereinbefore made when the jury was told the contributory negligence was a defect in the action.

The foregoing holding may not be of much advantage to

the plaintiff, because the record does not show objections and exceptions, on his part, hardly broad enough to cover the question involved. However, it is a useful background for an exception which I deem well taken, viz., to the charge of the court upon the subject of assumed risk. Section 4 of the Federal Employers' Liability Act (35 U. S. Stat. at Large, 66, chap. 149, § 4), which is also contained in section 8660 of the United States Compiled Statutes, 1916, provides: " In any action brought against any common carrier under or by virtue of any of the provisions of this Act to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of .such employee."

This section holds, in effect, that if the common carrier has failed to comply with the provisions of section 1 or section 8657, above quoted, the employee shall not be held to have assumed the risk of his employment. The trial court presented that question in one place in his charge as follows: " The defendant contends that if there was any danger in the operation of the lever, or in the placing of his feet on the floor of the cab, even though there are some depressions in the floor by hollowing out, it was a risk which was entirely obvious to the plaintiff, and was so obvious that any reasonable man who had had experience in those matters would have seen it, and would have looked out to see that his feet, or either of them, did not slip in the way he says they did, and that, therefore, the risk was an obvious one which he assumed, and that being obvious and well-known to him, and one that any reasonable man may have known, that he assumed it, and that therefore the defendant is not liable. Of course if you find the fact to be that the risk was such an obvious risk, that it was so obvious to any person familiar with those matters, that any reasonable man, with familiarity, would have appreciated it, and would have known of the risk, and he knowingly assumed the risk of it, then of course the plaintiff is not entitled to recover." Again: " If you come to the conclusion that both the defendant or its servants were negligent, but the plaintiff assumed the risk, you must

find for the defendant. If, on the other hand, you find that the defendant was negligent, and the plaintiff did not assume the risk, *and he was not guilty of the entire negligence then he is entitled to damages.*" At this place it will be seen that the question of assumed risk and of plaintiff's contributory negligence is mixed and may draw each of the questions under the exception taken by plaintiff to the judge's charge; which exception is as follows: " Plaintiff excepts to the submission of the question of assumed risk to the jury and what the court said on it, and each and every part of it."

In the last paragraph but one of the charge where the judge is calling the attention of the jury to the questions submitted, we find this independent statement, complete in itself as a sentence, unconnected with any other idea sought to be conveyed: " If the plaintiff assumed the risk the defendant is entitled to your verdict."

The order granting a new trial should be affirmed, with costs.

Order reversed and motion denied, with costs.